UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICKEA SMITH,<br>    *Plaintiff* <br><br> v. <br><br> VAN BORTEL AIRCRAFT, INC. and<br>HOWARD G. VAN BORTEL,<br>    *Defendants.* | CIVIL ACTION NO. _____ <br><br> JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Mickea Smith ("Plaintiff") files this Original Complaint ("Complaint") against Defendants Van Bortel Aircraft, Inc. ("VBA") and Howard G. Van Bortel (collectively, "Defendants") and shows:

### SUMMARY

1. Plaintiff Smith worked as an employee (Assistant Aircraft Buyer) for Defendants in the three years preceding the filing of this lawsuit. Plaintiff brings this lawsuit to recover overtime compensation and other wages, liquidated damages, attorneys' fees, litigation expenses, costs of court, pre-judgment and post-judgment interest and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

2. Plaintiff was misclassified as exempt and was not paid overtime compensation at time and one half for hours worked over forty in a week in violation of the FLSA.

### SUBJECT MATTER JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue is proper in the Northern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Northern District of Texas.

## PARTIES

5.  Plaintiff is an individual residing in Parker County, Texas. Plaintiff's written consent to be a party to this action is attached as Exhibit A.

6.  Defendant Van Bortel Aircraft, Inc. is a New York corporation doing business in Tarrant County, Texas at 4912 S Collins St, Arlington, TX 76018. Service upon Van Bortel Aircraft, Inc. may be effected by serving its registered agent for service, George E. Van Bortel at 4912 S Collins St, Arlington, TX 76018 or wherever he may be found.

7.  Defendant Howard G. Van Bortel is an individual residing in New York. He may be served at his residence (270 Hidden Brook Trail, Victor, New York 14564), or wherever he may be found.

## COVERAGE

8.  At all material times, Defendants were employers within the meaning of 29 U.S.C. § 203(d) because Defendants had the power to hire or fire Plaintiff; to control her work schedule and her conditions of employment; and to determine her rate of pay and the method of payment.

*Enterprise Coverage*

9.  At all material times, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r) because Defendants were engaged in related activities for the common business purpose of operating an aviation business known as Van Bortel Aircraft, Inc.

10.  At all material times, Defendants were an enterprise in commerce within the meaning of 3(s)(1) of the FLSA because Defendants have had and continue to have employees engaged in commerce via purchasing and selling airplanes which had moved in interstate commerce, and because Defendants have had and continue to have annual gross revenue in excess of the statutory standard. 29 U.S.C. § 203(s)(1).

*Individual Coverage*

11. At all material times, Plaintiff was an individual employee who worked for Defendants as an Assistant Aircraft Buyer for airplanes, and was thus engaged in commerce as required by 29 USC § 207.

*Individual Liability*

12. Defendant Howard G. Van Bortel is the President and Director of VBA.

13. At all times relevant to this lawsuit, Defendant Howard G. Van Bortel was responsible for monitoring Plaintiff's hours, handling payroll and for determining Plaintiff's pay, hiring and firing her, and ensuring VBA's compliance with the FLSA. Accordingly, Defendant Howard G. Van Bortel acted directly or indirectly as Plaintiff's employer and he is individually liable under federal law for the failure to compensate Plaintiff for all hours worked at the rates required by the FLSA.

## FACTS

14. VBA is an aviation business operated by Howard G. Van Bortel and George Van Bortel for airplanes moving in interstate commerce. VBA claims it buys and sells aircraft; maintains its offices out of the Arlington Municipal Airport in Arlington, Texas since 1989; and has clients and business contacts throughout the United States and abroad.

15. In 2015, Plaintiff Smith was hired as an Assistant Aircraft Buyer for VBA. Plaintiff worked performing purchases in Defendant VBA's office and from home.

16. Plaintiff was paid by Defendants. Plaintiff's paychecks were issued by Defendants with Defendant VBA as the payor. Plaintiff's federal W-2 wage and earning statements were issued by Defendant VBA. Defendant VBA filed such W-2 statements with the federal government. Defendant VBA identified itself as the "employer" of Plaintiff on such W-2 statements which Defendants prepared and filed with the federal government.

17. Plaintiff performed purchasing work and was not paid time and one-half her regular rate of pay for hours worked over forty in a work week ("overtime compensation"). Plaintiff was required to work over forty hours in a work week while employed by Defendants.

18. From May 6, 2019 through October 12, 2020, Plaintiff was paid on a commission-only basis for purchases of airplanes. Plaintiff was not paid a salary or hourly rate during that time. That commission was $1,000.00 per airplane purchased.

19. Defendants' policy and/or practice was to not pay Plaintiff overtime compensation for hours worked over forty in a week as required by the FLSA. Plaintiff was only paid a commission on airplanes she purchased.

20. Plaintiff was a non-exempt employee of Defendants but misclassified as exempt. Plaintiff was never paid overtime compensation.

21. Defendants knowingly failed to pay overtime to Plaintiff in violation of the FLSA.

22. Defendants' conduct has been willful and in bad faith. Plaintiff is entitled to liquidated damages for such conduct.

## CAUSES OF ACTION

23. Each cause of action below incorporates all of the allegations outlined above as if fully set forth therein. All conditions precedent have been performed or have occurred. Plaintiff exercises right to plead in the alternative.

## OVERTIME WAGE CLAIM

24. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

25. Defendants' practice of failing to pay Plaintiff for all hours worked over forty in a workweek at a rate not less than one and one-half times Plaintiff's regular rate violated the FLSA. 29 U.S.C. § 207.

26. None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are employed are applicable to Plaintiff.

## VIOLATION OF 29 U.S.C. §211(c)

27. Plaintiff incorporates all allegations contained in the foregoing paragraphs.

28. Defendants failed to keep adequate records of all of Plaintiff's hours worked, thereby violating section 211(c) of the FLSA. 29 U.S.C. § 211(c).

29. Federal law mandates that an employer keep for three years all payroll records and other records containing, among other things, the following information:

> a. time of day and day of week on which the employee's work week begins;
> b. (1) regular hourly rate of pay for any workweek in which overtime compensation is due under section 7(a) of the FLSA; (2) explanation of the basis of pay by indicating the monetary amount paid on a per hour, per day, per week, or other basis; and (3) the amount and nature of each payment which, pursuant to section 7(e) of the FLSA, is excluded from the "regular rate."
> c. hours worked each workday and total hours worked each workweek;
> d. total daily or weekly straight time earnings or wages due for hours worked during the workday or workweek, exclusive of premium overtime compensation;
> e. total premium for overtime hours. This amount excludes the straight-time earnings for overtime hours recorded under this section;
> f. total additions to or deductions from wages paid each pay period including employee purchase orders or wage assignments;
> g. Also, in individual employee records, the dates, amounts, and nature of the items which make up the total additions and deductions;
> h. total wages paid each pay period; and
> i. date of payment and the pay period covered by payment.
> *See* 29 C.F.R. §§516.2 and 516.5.

30. Defendants have not complied with federal law and failed to maintain accurate records with respect to Plaintiff's employment.

31. Because Defendants' records are inaccurate and/or inadequate, Plaintiff can meet her burden under the FLSA by proving that she, in fact, performed work for which she was improperly

compensated, and by producing sufficient evidence to show the amount and extent of the work as a matter of a just and reasonable inference.

## DAMAGES SOUGHT

32. Plaintiff is entitled to recover her unpaid overtime compensation. 29 U.S.C. § 216(b).

33. Plaintiff is entitled to an amount equal to all of her unpaid overtime wages as liquidated damages. *Id.*

34. Defendants did not make a good faith effort to comply with the FLSA.

35. Defendants' conduct was willful within the meaning of 29 U.S.C. § 255(a).

36. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per work week, by Plaintiff.

37. No exemption excused Defendants from paying Plaintiff overtime compensation.

38. Defendants knowingly, willfully, or with reckless disregard carried out illegal pattern or practice regarding overtime compensation owed to Plaintiff.

39. Plaintiff is entitled to her reasonable attorneys' fees and costs of court.

## JURY DEMAND

40. Plaintiff demands a trial by jury.

## PRAYER

41. For the foregoing reasons, Plaintiff respectfully requests judgment to be entered against Defendants Van Bortel Aircraft, Inc. and Defendant Howard G. Van Bortel, jointly and severally, and awarding Plaintiff:

   a. damages and restitution for all unpaid wages (including fringe benefits and bonuses), unpaid overtime compensation (at time and one-half), and other injuries, as provided by the FLSA;
   b. liquidated damages, as provided by the FLSA, equal to the sum of the amount of wages and overtime compensation that were not properly paid;
   c. all applicable penalties for the violations set forth herein;

    d. an award of reasonable attorneys' fees, expenses, expert fees and costs incurred in vindicating the rights of Plaintiff; an award of pre-judgment and post-judgment interest at the highest rate permitted by law; and

    e. such other and further relief, at law or in equity, as this Court deems just and appropriate.

Respectfully submitted,

/s/ Rogge Dunn

**ROGGE DUNN**
Texas Bar No. 06249500
E-mail: dunn@trialtested.com

**GREG MCALLISTER**
Texas Bar No. 24071191
E-mail: mcallister@roggedunngroup.com

**ROGGE DUNN GROUP PC**
500 North Akard Street
Suite 1900
Dallas, Texas 75201
(214) 888-5000 (Telephone)
(214) 220-3833 (Fax)

**ATTORNEYS FOR PLAINTIFF**